WEITZMAN LAW OFFICES, LLC
Kenneth S. Weitzman
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel.: (973) 403-9940
Fax: (973)-403-9944

*Attorneys for Plaintiff Kooltronic, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOOLTRONIC, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ICE QUBE, INC.*,* <br><br> *Defendants*. | DOCUMENT FILED ELECTRONICALLY <br><br> Civil Action No. _____ <br><br> **COMPLAINT FOR:** <br> **PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Pursuant to Local Civil Rule 10.1, the address of Plaintiff, Kooltronic, Inc. ("Kooltronic") is 30 Pennington-Hopewell Road, Pennington, New Jersey 08534. Upon information and belief, the address of Defendant, Ice Qube, Inc. ("Defendant") is 141 Wilson Avenue, Greensburg, Pennsylvania 15601. Kooltronic, by its undersigned attorneys, for its Complaint against Defendant alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*, for Defendant's infringement of Kooltronic's U.S. Patent No. 9,157,670.

## THE PARTIES

2. Kooltronic is a corporation organized under the laws of the State of New Jersey, with headquarters at 30 Pennington-Hopewell Road, Pennington, New Jersey. Kooltronic is in the business of, among other things, the design, manufacture, marketing, sale and support of cooling products for the industrial markets.

3. Upon information and belief, Defendant is a Pennsylvania "Close Corporation," having a place of business at 141 Wilson Avenue, Greensburg, Pennsylvania. Upon further information and belief, Defendant is in the business of, among other things, design, marketing, sale and support of cooling products for industrial markets that compete with Kooltronic's products.

## JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this civil action arises under the Patent Laws of the United States, 35 U.SC. § 1 *et seq*.

5. Kooltronic is informed and believes, and on this basis alleges, that this Court has personal jurisdiction over Defendant because Defendant does, and has done, regular business in the State of New Jersey, including performing acts of infringement in this Judicial District including one or more of: (i) using, selling, and/or offering for sale infringing goods in the State of New Jersey and this Judicial District, (ii) regularly doing or soliciting business in, engaging in other persistent courses of conduct directed to entities in the State of New Jersey and this Judicial District, and/or (iii) deriving substantial revenue from goods used or purchased by, and services provided to, entities in the State of New Jersey and this Judicial District.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) and § 1391(b)-(c).

## THE PATENT-IN-SUIT

7. On October 13, 2015, the United States Patent & Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,157,670 ("'670 Patent"). A copy of the '670 Patent is attached hereto as Exhibit A.

8. Kooltronic is the owner of all right title and interest in the '670 Patent, by virtue of assignment from the named inventors dated October 21, 2014. Kooltronic has standing to sue for infringement of the '670 Patent and obtain legal and equitable relief for its infringement.

## BACKGROUND

9. Kooltronic was founded 60 years ago to address the unique cooling needs of the emerging electronics, computer and telecommunication industries.

10. In the early 1960s, Kooltronic engineered and introduced some of the first air conditioners and heat exchangers for use with sealed electronic enclosures. Since then, Kooltronic has evolved into an industry leader, specializing in the innovative design and production of forced ventilation and closed-loop cooling for various types of enclosures, and continues to lead today by applying cutting edge technology to the protection of sensitive electronic components.

11. Kooltronic's company mission is to produce new and innovative products, and its success is largely due to its focus on cutting edge technology that allows it to improve upon its existing product lines and anticipate the changing needs of the many industries it serves.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '670 PATENT)

12. Kooltronic repeats and re-alleges the allegations in the preceding Paragraphs 1 through11 as if fully set forth herein.

13. Defendant has infringed, and continues to infringe, at least one or more claims of the '670 Patent, including at least Claims 11, 12, 14 and 15, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, selling and offering for sale hazardous location air conditioners, including (but not limited to) Defendant's Class I Division I Hazardous Location Air Conditioner Models IQ14000C1D1 and IQ14000C1D1H (collectively referred to herein as the "Accused Products").

14. Defendant has further infringed, and continues to infringe, at least one or more claims of the '670 Patent, including at least Claims 11 through 15 by, among other things, inducing and/or contributing to infringement by others within the United States, in violation of 35 U.S.C. §§ 271(b) and/or 271(f), through the foregoing activities including, without limitation, inducing, or causing, others to connect a purge and pressurization system to the Accused Products made, used, offered for sale and sold by Defendant.

15. The Accused Products include each and every element recited in at least Claims 11, 12, 14 and 15 of the '670 Patent, both literally and under the doctrine of equivalents, in contravention of 35 U.S.C. § 271.

16. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Kooltronic will make pursuant to this District's Local Patent Rules (*see*, *e.g.*, L. Civ. R. 9.3), Defendant's Accused Products infringe Claim 11 of the '670 Patent as follows:

a) *Each Accused Product is a heat transfer unit for use in a location where heat will be transferred by the unit from a heat source (electrical equipment within an enclosure) to ambient hazardous air. A copy of Defendant's promotional literature entitled "Hazardous Location Air Conditioners" is attached hereto as Exhibit B, excerpts of which are reproduced below.*




b) *The Accused Products include a cooling circuit including an evaporator, a condenser, a coolant and passages to contain the coolant to circulate between the evaporator and condenser:*

> The Ice Qube Thermal Management System, TMS, is actually a combination of many systems, which function simultaneously to maintain environmentally friendly conditions for your equipment within the enclosure. The major thermal related systems are the closed-loop cold air supply stream, the heat rejection air stream, and the vapor-compression refrigeration system.

      The closed-loop cold air supply stream circulates cold air from the Ice Qube TMS to the electronics enclosure. This air returns to the Ice Qube TMS bringing with it unwanted heat and humidity from inside the enclosure. Heat and humidity is then removed by a heat exchanger located within the Ice Qube TMS. This heat exchanger is part of the vapor-compression refrigeration system.

      At the heart of the vapor-compression refrigeration system is a quiet, energy efficient rotary compressor, which circulates environmentally friendly NON-CFC refrigerant to transfer heat from the heat exchanger (evaporator) located within the closed-loop air stream to a heat exchanger (condenser) located in the heat rejection air system. In the heat rejection air stream, air is circulated from the ambient surrounding the enclosure, through a filter, and across the warm heat exchanger. Here, heat from the enclosure is transferred from the warm heat exchanger to the heat rejection air stream and dissipated to the ambient.

(Ice Qube, "Class I, Division 2 Hazardous Location Air Conditioners Operation and Installation Manual," QD-ENG-17 Rev.10 at p. 3, attached hereto as Exhibit C).

c) *The Accused Products include an evaporator compartment, which includes the evaporator and ignition source elements of the unit.*




d) *The Accused Products also have a condenser compartment, which includes a condenser that is configured to transfer heat removed from a heat source by the evaporator to the ambient hazardous air by passing ambient hazardous air through the condenser compartment.*



e) *In the Accused Products, the evaporator compartment is sealed off from the condenser compartment. The UL Certification obtained for Defendant's Accused Products (attached as Exhibit D and reproduced below) specifies that Defendant's air conditioner unit is to be used "in combination with Type X purged and pressurized enclosures for use in Class I, Division 1, Groups C and D Hazardous Locations." In addition, Defendant markets the Accused Products as intended for use in conjunction with purged and pressurized enclosures. As such, during operation of the Accused Products, the internal pressure in the evaporator compartment will be higher than the internal pressure in the condenser compartment so as to minimize infiltration of the ambient hazardous air into the evaporator compartment and to the ignition source elements of the heat transfer unit.*

 

CERTIFICATE OF COMPLIANCE

| | |
|---|---|
| Certificate Number | 20150302-E335729 |
| Report Reference | E335729-20150226 |
| Issue Date | 2015-MARCH-02 |
| Issued to: | ICE QUBE INC<br>141 WILSON AVE<br>GREENSBURG PA 15601-2522 |
| This is to certify that representative samples of | COMPONENT - CONTROL PANELS AND ASSEMBLIES FOR USE IN HAZARDOUS LOCATIONS<br>Model IQ14000C1D1 Special purpose air conditioners for use in combination with Type X purged and pressurized enclosures for use in Class I, Division 1, Groups C and D Hazardous Locations. May include suffix H<br>Have been investigated by UL in accordance with the Standard(s) indicated on this Certificate. |
| Standard(s) for Safety: | NFPA 496, Purged and Pressurized Enclosures for Electrical Equipment<br>UL 1203, Explosion-Proof and Dust-Ignition-Proof electrical Equipment for Use in Hazardous (Classified) Locations<br>CSA C22.2 No. 30, Explosion-proof enclosures for use in class I hazardous locations |
| Additional Information: | See the UL Online Certifications Directory at www.ul.com/database for additional information |

Only those products bearing the UL Certification Mark should be considered as being covered by UL's Certification and Follow-Up Service.

Recognized components are incomplete in certain constructional features or restricted in performance capabilities and are intended for use as components of complete equipment submitted for investigation rather than for direct separate installation in the field. The final acceptance of the component is dependent upon its installation and use in complete equipment submitted to UL LLC.

Look for the UL Certification Mark on the product.

Bruce Mahrenholz, Assistant Chief Engineer, Global Inspection and Field Services

UL LLC

Any information and documentation involving UL Mark services are provided on behalf of UL LLC (UL) or any authorized licensee of UL. For questions, please contact a local UL Customer Service Representative at www.ul.com/contactus

Page 1 of 1

(Exhibit D)

(Excerpt Exhibit B)

16. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Kooltronic will make pursuant to this District's Local Patent Rules (*see*, *e.g.*, L. Civ. R. 9.3), the Accused Products infringe Claim 12 as follows:

a) *The Accused Products include switches, an electric control element, and other electrical components within the evaporator compartment that are potential ignition sources.*

 

17. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Kooltronic will make pursuant to this District's Local Patent Rules (*see*, *e.g.*, L. Civ. R. 9.3), Defendant contributes to, and induces, infringement of Claim 13 by others using the Accused Products:

> a) *The Accused Products are intended to be used with, and specifically marketed as being for use with, a purge and pressurization system coupled to the evaporator compartment (Exhibit B), and Defendant has obtained UL Certification (Exhibit D) for the Accused Products in that regard.*

 

(Excerpt Exhibit B)                                             (Excerpt Exhibit D)

18. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Kooltronic will make pursuant to this District's Local Patent Rules (*see*, *e.g.*, L. Civ. R. 9.3), the Accused Products infringe Claim 14 as follows:

      a) *The Accused Products include an evaporator compartment and the condenser compartment arranged in a side-by-side configuration.*



19.    Subject to additional information obtained during discovery, the Court's construction of any patent claim terms about whose meaning the parties disagree, and the detailed initial and final infringement contentions Kooltronic will make pursuant to this District's Local Patent Rules (*see*, *e.g.*, L. Civ. R. 9.3), the Accused Products infringe Claim 15 as follows:

      a) *The Accused Products include switches, an electric control element, and other electrical components within the evaporator compartment that are potential ignition sources. None of these components are an explosion proof component, an encapsulated component, a non-incendive component, or an intrinsically safe component.*



20. As a result of Defendant's infringement of at least Claims 11 through 15 of the '670 Patent, Kooltronic has suffered and continues to suffer irreparable harm.

21. Kooltronic has complied with 35 U.S.C. § 287 to the extent required by law.

22. Defendant's infringement has damaged Kooltronic, which is entitled to recover from Defendant the damages resulting from Defendant's wrongful acts in an amount to be determined at trial, and in any event no less than a reasonable royalty.

23. Defendant's infringement of the '670 Patent has been ongoing and willful. On April 25, 2016, Defendant was specifically informed and placed on actual notice, through Kooltronic's counsel, of Defendant's infringement of the '670 Patent.

24. Notwithstanding Defendant's knowledge of Kooltronic's '670 Patent and its infringement thereof, Defendant has not only continued its infringement by offering for sale and selling the Accused Products, but, upon information and belief, Defendant has expanded or is in the process of expanding its line of air conditioner products with products that include ignition source elements in an evaporator compartment that is sealed off from the condenser compartment, and thereby infringe, or would infringe, the '670 Patent.

25. Accordingly, Kooltronic is informed and believes, and on this basis alleges, that despite Defendant's knowledge of the '670 Patent and its infringement thereof, Defendant willfully, wantonly, and deliberately engaged in acts of infringement of the '670 Patent.

26. Kooltronic is informed and believes, and on this basis alleges, that Defendant's willful, wanton and deliberate infringement of the '670 Patent justifies an award to Kooltronic of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Kooltronic respectfully asks this Court to enter judgment against Defendant, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with Defendant, granting the following relief:

A. Entry of judgment of infringement in favor of Kooltronic and against Defendant, that Defendant has infringed, and is currently infringing, one or more claims of the '670 Patent;

B. An order that Defendant, its officers, directors, agents, servants, employees, and all persons in active concert or participation with Defendant, be permanently enjoined from infringing, inducing others to infringe, and committing acts of contributory infringement with respect to, the '670 Patent.

C. An award of damages adequate to compensate Kooltronic for the infringement that has occurred pursuant to 35 U.S.C. § 284, together with prejudgment interest;

D. An order adjudging that Defendant's infringement was willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284;

E. An order for an accounting of damages that accrue between the close of fact discovery and the date a final judgment of infringement is entered by this Court;

F. A finding that this case is exceptional and awarding Kooltronic its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

G. An award to Kooltronic of its costs and reasonable expenses to the fullest extent permitted by law; and

H. Such other relief that Kooltronic is entitled to under the law, and any other further relief that this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kooltronic hereby demands a trial by jury on all issues so triable by jury in this action.

                                                **WEITZMAN LAW OFFICES, LLC**

Dated:  September 14, 2016           By:  s/  Kenneth S. Weitzman
                                                    Kenneth S. Weitzman
                                                    425 Eagle Rock Avenue, Suite 102
                                                    Roseland, New Jersey 07068
                                                    Tel. (973) 403-9940
                                                    Email: kweitzman@weitzmanip.com

                                                *Attorneys for Plaintiff, Kooltronic, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Plaintiff, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                **WEITZMAN LAW OFFICES, LLC**

Dated:  September 14, 2016           By:  s/  Kenneth S. Weitzman
                                                    Kenneth S. Weitzman
                                                   425 Eagle Rock Avenue, Suite 102
                                                   Roseland, New Jersey 07068
                                                   Tel. (973) 403-9940
                                                   Email: kweitzman@weitzmanip.com

                                                *Attorneys for Plaintiff, Kooltronic, Inc.*

## RULE 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, the undersigned counsel for Plaintiff hereby certifies that, in addition to monetary damages, Plaintiff seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

                                                **WEITZMAN LAW OFFICES, LLC**

Dated:  September 14, 2016        By:  s/  Kenneth S. Weitzman
                                                  Kenneth S. Weitzman
                                                  425 Eagle Rock Avenue, Suite 102
                                                  Roseland, New Jersey 07068
                                                  Tel. (973) 403-9940
                                                  Email: kweitzman@weitzmanip.com

                                                *Attorneys for Plaintiff, Kooltronic, Inc.*